JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01362 JVS (MLGx) | Date | February 10, 2011 |
| Title | Seyed Ali Pourjaneki Khani v. Wells Fargo Home Mortgage, Inc., et al. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| | Karla Tunis | Not Present |
| | Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (In Chambers)
Order Remanding Action to Orange County Superior Court

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss the First Amended Complaint ("FAC") of Plaintiff Seyed Ali Pourjaneki Khani ("Khani") pursuant to Federal Rule of Civil Procedure 12(b)(6). Wells Fargo also moves to strike from the FAC allegations concerning punitive damages and attorneys' fees. The motions are unopposed. The Court finds that it does not have jurisdiction to consider Khani's FAC, and this matter is remanded to state court.

At the hearing, counsel for Wells Fargo asked that the Court consider remanding this case sua sponte for lack of federal jurisdiction. "'Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment. . . . The court may – indeed must – remand an action sua sponte if it determines that it lacks subject matter jurisdiction.' See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir.2003) ('[W]e have held that the district court must remand if it lacks jurisdiction,' citing Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.1998))." U.S. Bank Nat. Ass'n v. Ortiz, 2010 WL 4235858, Case No. No. CV 10-07231 MMM (VBKx) (C.D. Cal. Oct. 18, 2010) (internal citations omitted).

The Court notes that this case was removed to federal court on September 1, 2010 because Khani alleged, on behalf of a class, that he had suffered a number of actionable injuries. (Docket No. 1.) He asserted jurisdiction on the basis of the Class Action Fairness Act ("CAFA"). (Docket No. 1 at 4.) The Court notes that the FAC appears to have dropped any class action allegations, and thus the basis for removal jurisdiction is

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 10-01362 JVS (MLGx)     Date  February 10, 2011

Title   **Seyed Ali Pourjaneki Khani v. Wells Fargo Home Mortgage, Inc., et al.**

gone.

     What is more, the Court finds that Khani's FAC does not allege any federal causes of action and the parties are not diverse. That is, Khani has not alleged that he, a California resident, is diverse from Wells Fargo, whom he has alleged is an "entity working through California licensed mortgage brokers." (FAC ¶ 5.) The Court no longer possess subject matter jurisdiction over Khani's FAC, and declines to exercise its jurisdiction to retain the matter. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 352 (1988). The Court remands this case to state court.

    IT IS SO ORDERED.

: 00

Initials of Preparer    kjt